519 A.2d 1112

The Marsteller Community Water Authority, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Bureau of Oil & Gas, Respondent.

Argued November 17, 1986, before Judges MAC-PHAIL, DOYLE and COLINS, sitting as a panel of three.

*William Gleason Barbin, Gleason, Difrancesco, Shahade & Markovitz,* for petitioner.

*Justina M. Wasicek,* Assistant Counsel, for respondent.

Opinion by Judge MacPhail, January 15, 1987:

The Department of Environmental Resources, Bureau of Oil and Gas Management (DER), has filed preliminary objections to Petitioner Marsteller Community Water Authority's (Authority) petition for review requesting injunctive relief. For the reasons set forth below, we sustain DER's objections and dismiss the Authority's petition for review.

The Authority provides water service to residents of Marsteller and Moss Creek in Barr Township, Cambria County. The water supply is drawn from a pool of potable water located in an abandoned coal mine underlying Barr Township.

In March, 1986, following the drilling of gas wells in Barr Township, the Authority's water supply became diminished and the water itself colored. According to the Authority, water flow from its original point source decreased from five hundred gallons per minute to less than five gallons per minute.

The Authority filed a petition for review and application for preliminary injunction with this Court in July, 1986. The petition alleged that the continued permitting of gas well drilling by DER and the operation of such wells over the mine pool reservoir represents a serious threat of immediate and irreparable harm to this source of potable water. The Authority requested that this Court enjoin the issuance of any further permits and order that all drilling over the mine pool cease.

The Authority and DER thereafter entered into an agreement which was reduced to a consent order by

this Court on August 4, 1986. The order provided that the application for a preliminary injunction would be continued generally pending further proceedings by the Authority and a request for a hearing; that counsel for the Authority would submit a written request to DER for an investigation under Section 208 of the Oil and Gas Act (Act), Act of December 19, 1984, P.L. 1140, *as amended*, 58 P.S. §601.208; and that DER would give timely notice to the Authority of all drilling permits issued for the area over the mine pool.

DER subsequently filed preliminary objections to the Authority's petition for review asserting *inter alia* that the Authority failed to exhaust its administrative remedies by not appealing the issuance of the drilling permits to the Environmental Hearing Board (Board) and seeking a supersedeas of further DER action from the Board.[1]

We agree with DER that the Authority failed to exhaust its administrative remedies before seeking review in our Court. Under Section 1921-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as*

---

[1] DER also argues by way of preliminary objection that the Authority failed to join indispensable parties, namely the current permittees and operators of gas wells in Barr Township, owners of mineral rights, and owners of the gas who would be entitled to royalties if it is produced. We agree that these parties would be affected if the Authority's application for injunctive relief is granted and that therefore they should have been joined. DER's preliminary objections also include a demurrer alleging that the Authority failed to state a claim upon which relief can be granted and a motion for a more specific pleading. In view of our disposition of the issue of the Authority's failure to exhaust its administrative remedy, we do not deem it necessary to address these additional objections.

We note also that DER originally objected to the Authority's failure to request an investigation of the alleged water pollution under Section 208 of the Act, 58 P.S. §601.208. The Authority has since requested and received such an investigation and DER is no longer raising the objection.

*amended,* added by the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21, the Authority can appeal any action of DER to the Board which adversely affects it. Any DER action is final if an appeal is not perfected under that section. The Authority, therefore, had a remedy available under Section 1921-A and it is well settled that a party is precluded from seeking judicial review of an administrative decision without first exhausting available administrative remedies. *Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980).

The Authority argues that the remedy prescribed in Section 1921-A is not adequate especially as to those well permits issued prior to the August 4, 1986 consent order. It is the Authority's contention that DER is under an obligation to give notice to the Authority of the application or issuance of gas permits within the affected area. Our careful review of the provisions of the Act, 58 P.S. §§601.101-601.605, has disclosed no such statutory duty on the part of DER. The provision for objections to permits found in Section 202 of the Act, 58 P.S. §601.202, imposes a notification duty upon the permittee in certain circumstances, but none upon DER. The Act, moreover, does provide a remedy where there has been a diminution or pollution of a public water supply. Section 208(b) of the Act, 58 P.S. §601.208(b), requires DER to perform an investigation and to make a report within 45 days following notification of a problem. Where pollution or diminution is found, DER is authorized to impose sanctions upon the permittee. Provisions for the enforcement of DER orders are found in Sections 503 and 504 of the Act, 58 P.S. §§601.503 and 601.504. In short, we conclude that the administrative remedy is not only available but adequate.

It further appears obvious to us that the fact of pollution and/or diminution and especially the cause or causes thereof is peculiarly within the expertise of DER rather than this Court and that our Supreme Court's admonition in *Shenango Valley Osteopathic Hospital v. Department of Health,* 499 Pa. 39, 47-48, 451 A.2d 434, 438 (1982) (citations omitted) is particularly applicable here:

> The premature interruption of the administrative process restricts the agency's opportunity to develop an adequate factual record, limits the agency in the exercise of its expertise and impedes the development of a cohesive body of law in that area. . . . It is therefore clearly appropriate to defer judicial review when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the desired result.

We, therefore, sustain DER's preliminary objection raising the issue of the Authority's failure to exhaust its administrative remedies and we will dismiss the petition for review on that basis.

## ORDER

The Respondent's preliminary objection alleging that Petitioner has failed to exhaust its administrative remedy is sustained. The petition for review in the above-captioned proceeding is hereby dismissed.