123 Pa. Commonwealth Ct. 498 (1989)
554 A.2d 182
Grand Central Sanitary Landfill, Inc., Petitioner
v.
Commonwealth of Pennsylvania, Department of Environmental Resources and The Environmental Quality Board, Respondents.
No. 1909 C.D. 1988.
Commonwealth Court of Pennsylvania.
Argued December 15, 1988.
February 17, 1989.
Argued December 15, 1988, before Judges DOYLE PALLADINO and SMITH, sitting as a panel of three.
*499 Vance E. Meixsell, for petitioner.
Jerome T. Foerster, Deputy Attorney General, with him, John G. Knorr, III, Chief Deputy Attorney General, Chief, Litigation Section, and LeRoy S. Zimmerman, Attorney General, for respondents.
OPINION BY JUDGE DOYLE, February 17, 1989:
Before us for consideration are the preliminary objections of respondents, Department of Environmental Resources (DER) and the Environmental Quality Board (EQB), filed in response to a petition for review addressed to our original jurisdiction by petitioner Grand Central Sanitary Landfill, Inc., (Grand Central). The petition seeks declaratory and injunctive relief. We sustain the preliminary objections and dismiss Grand Central's petition.
The petition for review is in the nature of a pre-enforcement challenge to the constitutionality of EQB's amendments to the regulations which implement the Solid Waste Management Act (SWMA),[1] the Act of July *500 7, 1980, P.L. 380, as amended, 35 P.S. §§6018.101 through 6018.1003. The purpose of the proposed amendments was stated at 17 Pa. B. 2303 (June 13, 1987) as representing "a comprehensive revision of the Commonwealth's existing municipal waste regulations." Four reasons for the revisions were given by EQB: (1) to provide consistency between the regulations and the requirements of SWMA; (2) to allow DER to apply experience gained subsequent to the development of previous regulations to the increasingly complex field of municipal waste management; (3) to state more precisely many of the requirements of the existing regulatory program, and; (4) to express more clearly the municipal waste regulations in order to meet the need for greater public understanding of DER's regulatory program. Id. at 2303-2304.
Grand Central contends (a) that the regulations as adopted are at substantial variance with, and have enlarged the purpose of, the amendments as first proposed, (b) that the regulations "are inherently ambiguous, arbitrary and capricious," and (c) that they "place an unreasonable and excessive burden of compliance on [Grand Central] and the entire waste management industry." DER and the EQB have preliminary objected to the petition for review, asserting (1) that Grand Central has failed to exhaust administrative remedies, (2) that the case is not ripe for review because DER has neither taken nor proposed any action against Grand Central, and (3) that the petition fails to state a cause of action.
When reviewing preliminary objections, we consider as true all well-pleaded facts which are material and relevant. Ohio Casualty Group of Insurance Cos. v. Argonaut Insurance Co., 92 Pa. Commonwealth Ct. 560, *501 500 A.2d 191 (1985). Preliminary objections shall be sustained only when they are clear and free from doubt. Id.
The first preliminary objection rests upon the premise that Grand Central has an adequate administrative remedy and hence that this Court lacks jurisdiction. It is well settled that when an adequate administrative remedy exists, this Court lacks jurisdiction to entertain a suit in either law or equity. See Marsteller Community Water Authority v. Department of Environmental Resources, 103 Pa. Commonwealth Ct. 195, 519 A.2d 1112 (1987). As DER and the EQB correctly point out, Section 108 of SWMA, 35 P.S. §6018.108, and the concomitant regulations, set up administrative procedures for the review of permit applications, the issuance or denial of permits, and for enforcement of SWMA.[2] Grand Central contends, however, that because the EHB does not have jurisdiction to conduct pre-enforcement review of regulations at the request of parties directly and immediately affected by these regulations, the invocation of this Court's equitable jurisdiction is valid.
As support for that proposition, Grand Central cites Arsenal Coal Co. v. Department of Environmental Resources, 505 Pa. 198, 477 A.2d 1333 (1984). In Arsenal, our Supreme Court determined that an appeal to the EHB did not provide an adequate remedy for a pre-enforcement challenge by fifty-five coal operators to a *502 regulatory scheme affecting the entire anthracite coal industry. The EHB review process was held to be inadequate because Arsenal Coal Company and the other petitioners would have suffered direct and immediate harm by not being able to challenge the regulations immediately.
We hold, however, that Arsenal is distinguishable from the case sub judice. First, the focus in Arsenal was on the industry-wide implications of the contested regulations and the action was brought by fifty-five separate coal mine operators and producers. Here, Grand Central is the only petitioner,[3] and although it alleges generally that the contested regulations affect "the entire solid waste management industry," there are no specific immediate implications alleged nor do we perceive any. Second, and more important for purposes of our consideration of this case, Grand Central fails to allege any specific instance where it is currently in violation of the contested regulations. This failure is important because Grand Central, in an attempt to bring this case under the ambit of Arsenal, alleges that it is immediately and directly harmed by the regulations. However, absent any allegation by Grand Central that it is currently in violation of the regulations, or is immediately threatened by specific circumstances, the direct and immediate harm contemplated by our Supreme Court in Arsenal is nonexistent.[4]
*503 Based on the above, we believe that until DER specifically acts regarding Grand Central's application for permit modification, there is no need to consider whether the regulations will in fact adversely affect Grand Central.[5]Neshaminy Water Resources Authority v. Department of Environmental Resources, 511 Pa. 334, 513 A.2d 979 (1986); Chambers Development Co., Inc. v. Department of Environmental Resources, 110 Pa. Commonwealth Ct. 432, 532 A.2d 928 (1987). Thus, although it is clear that EHB lacks jurisdiction to conduct pre-enforcement review of DER regulations, Arsenal; Neshaminy; Chambers, the relief sought by Grand Central *504 may be attained by adequate administrative means (here, appeal to the EHB when Grand Central is directly affected by DER action on Grand Central's permit modification application or its failure to file), Arsenal is inapplicable and an equitable remedy unnecessary. The Arsenal court pointedly stated that:
[T]he propriety of invoking the original equitable jurisdiction of the Commonwealth Court in a case seeking preenforcement review of a substantial challenge to the validity of regulations promulgated by an administrative agency is clear. A court of equity, however, must refrain from exercising its jurisdiction when there exists an adequate statutory remedy.

Id. at 208, 477 A.2d at 1338 (emphasis added). Based on our previous discussion, we hold that an adequate remedy exists and we thus refrain from exercising our equitable jurisdiction.
DER's and the EQB's second preliminary objection is that the case is not ripe for review because DER has neither taken nor proposed any action against Grand Central. Clearly, Grand Central has failed to allege that DER has taken or proposed any action against it. Further, it has not pled any instance where the regulations will have any immediate impact upon it. Thus, in the absence of anything more than Grand Central's speculative and conjectural averments, there does not appear to be any justiciable case or controversy. See Neshaminy; Berger v. Department of Environmental Resources, 42 Pa. Commonwealth Ct. 206, 400 A.2d 905 (1979).
Accordingly, having concluded that an adequate statutory remedy exists and that there is no justiciable case or controversy, the preliminary objections of DER and the EQB pertaining to failure to exhaust an available *505 administrative remedy and ripeness are sustained and Grand Central's petition for review is dismissed.[6]

ORDER
NOW, February 17, 1989, the preliminary objections of the Department of Environmental Resources and the Environmental Quality Board challenging the failure to exhaust administrative remedies and ripeness in the above-captioned matter are sustained and Grand Central Sanitary Landfill's petition for review is dismissed.
NOTES
[1] The regulations here at issue amended 25 Pa. Code chapters 75 and 101 and added new chapters 271, 273, 275, 277, 279, 281, 283 and 285. They were published in proposed form in the Pennsylvania Bulletin on June 13, 1987 at 17 Pa. B. 2303 and were adopted on April 9, 1988 and published at 18 Pa. B. 1681.
[2] The Environmental Hearing Board (EHB) is statutorily authorized to hear appeals of final actions by DER by subsection (a) of Section 1921-A of the Administrative Code of 1929, P.L. 177 as amended, added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21(a), and is authorized by subsection (d) of Section 1921-A, 71 P.S. §510-21(d), to issue a supersedeas where appropriate. 25 Pa. Code §21.76(c) generally requires that EHB schedule hearings on petitions for a supersedeas within two weeks of the filing of the petition.
[3] We do not suggest that the number of petitioners is alone basis for our determination of this issue. It is merely a factor to be considered.
[4] The regulations at issue in Arsenal were self-effectuating. That is, Arsenal Coal Company and the other petitioners in that case were immediately subject to the strictures of the promulgated regulations, even prior to DER action upon their applications. The regulations here at issue, however, are not self-effectuating. As found at 25 Pa. Code §271.111, the regulations provide only that one possessing a permit for a municipal landfill issued prior to April 9, 1988 shall file with DER by October 11, 1988 either a preliminary application for permit modification or a closure plan. 25 Pa. Code §271.111(a). Subsection (b) of Section 271.111 requires that the preliminary application for permit modification "shall describe differences between the existing permit and the requirements [of the new regulations]...." 25 Pa. Code §271.111(b). Subsection (d) provides that "[w]ithin 6 months after receiving notice from [DER], [a permittee] that filed a preliminary application for permit modification shall file. . . a complete application for permit modification to correct differences between the existing permit and the requirements [of the new regulations]." 25 Pa. Code §271.111(d).
[5] 25 Pa. Code §271.112(a) provides that:

(a) By October 11, 1988, no person or municipality that possesses a municipal waste landfill or demolition waste landfill permit under the act ... which was issued prior to April 9, 1988, may dispose or process waste under the permit, unless a preliminary application for permit modification or a closure plan is filed under §271.111 (relating to permit application filing deadline).
While the plain language of this section would appear to prohibit Grand Central from conducting business after October 11, 1988 unless it filed the permit modification application required by Section 271.111, the pleadings do not disclose whether Grand Central did, in fact, make the required filing, and thus we do not consider this situation. Furthermore, even assuming, arguendo, that Grand Central failed to file a modification application as required, it would, pursuant to 71 P.S. §510-21(d) and 25 Pa. Code §21.76(c), have recourse to the EHB in the form of an appeal and supersedeas if and when DER attempted to enforce the regulations.
[6] Because of our disposition of this matter we need not rule on the remaining preliminary objection.