557 A.2d 453

O'Hara Sanitation Company, William J. O'Hara, Jr., Patrick O'Hara, William J. O'Hara, Sr., and Betty E. O'Hara, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued March 6, 1989, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*John M. Elliott,* with him, *James D. Morris, Mark J. Schwemler* and *Leslie E. Bowser;* Of Counsel: *Baskin, Flaherty, Elliott & Mannino, P.C.,* for petitioners.

*Mary Young,* Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, April 26, 1989:

The Commonwealth of Pennsylvania, Department of Environmental Resources (Department) has filed preliminary objections seeking dismissal of O'Hara Sanitation Company, William J. O'Hara, Jr., Patrick O'Hara, William J. O'Hara, Sr., and Betty E. O'Hara's (petitioners) petition for review in the nature of a complaint in equity. We will overrule the preliminary objections.

This litigation has its genesis in a complaint in equity and petition for preliminary and special relief filed by the Department on August 12, 1985, in the Court of Common Pleas of Montgomery County. The Department sought to enjoin the petitioners from disposing and processing solid waste without a permit. On August 19, 1985, the trial court preliminarily enjoined petitioners from conducting its waste removal operations. On March 14, 1986, a full hearing was held to determine whether petitioners' recycling activities constituted the processing of solid waste. On April 24, 1986, the trial court ruled that the petitioners' recycling activities did not amount to processing as defined by the Solid Waste Management Act (Act).[1]

The Department appealed the April 24, 1986, order and this appeal was docketed at No. 1595 C.D. 1986. The Department and the petitioners entered into settlement negotiations which delayed the disposition of No. 1595 C.D. 1986. The Department has recently requested that a briefing schedule be established in No. 1595 C.D. 1986.

---

[1] Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §6018.101-6018.1003.

While the settlement negotiations were taking place, the Environmental Quality Board promulgated new municipal waste regulations. The Department then notified the petitioners that the recycling activities they were conducting required a permit under these new regulations. On September 29, 1988, the Department ordered the petitioners to cease operations for failure to obtain the necessary permits under the Act.

On November 18, 1988, petitioners filed an application for preliminary and permanent injunction, as well as a complaint in equity in this Court's original jurisdiction seeking relief from the Department's September 29, 1988, order. A hearing was held on petitioners' application, which resulted in the issuance of a preliminary injunction on December 9, 1988, enjoining the Department from enforcing any part of its September 29, 1988, order. A January 6, 1989, conference to resolve this matter was unsuccessful, and now the Department's preliminary objections to petitioners' complaint in equity are before the Court.

In considering preliminary objections, a court must accept as true all factual averments in the pleading attacked. *Yellow Cab Operators and Drivers Assoc. v. Pennsylvania Public Utility Commission,* 87 Pa. Commonwealth Ct. 626, 488 A.2d 369 (1985). In determining the legal sufficiency of preliminary objections, this Court must accept as true all well pleaded facts and reasonable inferences which may be deduced therefrom. *Benjamin Coal Company v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 1, 513 A.2d 1120 (1986).

The Department in its first preliminary objection argues that the Commonwealth Court does not have jurisdiction to hear the petition for review because petitioners failed to exhaust their administrative remedies. What petitioners are seeking in their complaint is the

enforcement of a settlement agreement between them and the Department. This agreement allows petitioners to continue its current operation pending approval by the Department of a recycling center so as to prevent the interruption of service to the petitioners' clients. Petitioners in their brief in opposition to the Department's preliminary objections state that the Commonwealth Court has original jurisdiction to entertain all civil actions or proceedings against the Commonwealth government pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1).

Additionally, the Department argues that petitioners seek to enforce a non-binding agreement. However, after hearings held on December 5, 1988, and December 6, 1988, the author of this opinion, in a pronouncement from the bench, specifically found that an agreement existed between the Department and petitioners.[2] The existence of such an agreement is well pled in the petitioners' complaint and, for the purposes of ruling on preliminary objections, all relevant facts sufficiently pled are taken as admitted. *Benjamin Coal.*

Furthermore, we are presented with a scenario, wherein the Department chose the forum in which they sought to litigate, the Court of Common Pleas of Montgomery County, and lost their case in that venue. The Department then filed a timely appeal with this Court. However, rather than waiting for this Court to resolve the issue, the Department then sought to evade the exercise of this Court's lawful appellate jurisdiction by bringing a separate enforcement action based upon the same conduct.

The exhaustive opinion of Judge SALUS of the Court of Common Pleas of Montgomery County clearly found

---

[2] The Court has not yet prepared written findings of fact and conclusions of law concerning the December 5th and 6th hearings. Such findings shall follow this opinion.

that petitioners' operation was one of "recycling" and not a "transfer facility." If Judge SALUS was incorrect, the Department should allow this Court to exercise proper appellate review, rather than embark on the instant jurisdictional "end run." The doctrine of *res judicata* requires that a prior judicial determination be afforded preclusive effect in Pennsylvania "unless and until" it is reversed on appeal. *See Philadelphia Electric Co. v. Pennsylvania Public Utility Commission,* 61 Pa. Commonwealth Ct. 325, 433 A.2d 620 (1981). Thus, the Department is barred from bringing repeated enforcement actions based upon the same facts and legal conclusions. The subsequent enforcement action is tantamount to an assault upon this Court's jurisdiction and, because of such, this Court would be compelled to issue an order to protect its jurisdiction. *Wenz v. Earl Wenz, Inc.,* 400 Pa. 397, 162 A.2d 376 (1960).

The issue is not whether the Department may have the authority to issue an administrative order, but rather whether this Court, having properly acquired jurisdiction, shall allow its jurisdiction to be subverted. If we were to grant the Department's preliminary objections, the preliminary injunction would dissolve by operation of law. However, since we are overruling the preliminary objections, the preliminary injunction will remain in effect, thus, preserving this Court's proper appellate jurisdiction until the issue in chief has been litigated or the preliminary injunction dissolved.

Accordingly, the Department's preliminary objections are overruled.

## ORDER

AND NOW, this 26th day of April, 1989, the Department of Environmental Resources' preliminary objections to the petitioners' complaint in equity are hereby overruled.