# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman E. Gregory,                          :
                   Petitioner    :
                              :
                v.              :    No. 245 M.D. 2015
                              :    Submitted: May 27, 2016
Pennsylvania State Police,                  :
                  Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**        **FILED: October 13, 2016**


Before this Court in our original jurisdiction are Preliminary Objections (POs) for insufficient specificity and a demurrer filed by Respondent Pennsylvania State Police (PSP) to the pro se Amended Petition for Review filed by Petitioner Norman E. Gregory. Petitioner commenced this matter by filing a Petition and Order to Expunge Criminal Docket Information for Migrated Automatic Registry Entry seeking an order directing the "Commissioner of the Allegheny Police Department to expunge [Petitioner's] Entry for Registration . . . from the Criminal Docket and files . . . ." (Petition, Wherefore Clause.) PSP filed POs to which Petitioner filed an Answer. Following PSP's filing of its Memorandum of Law in

support of its POs, Petitioner filed an Application for Leave to Amend his Petition and an Amended Petition for Review which was granted and the Amended Petition accepted by Order dated November 18, 2015. The Department filed its POs to the Amended Petition to which Petitioner filed an Answer. Both parties have filed Memoranda of Law. Although the Amended Petition is lacking in detail, it is clear that Petitioner seeks relief from the registration requirement for convicted sex offenders found in the Act variously known as Megan's Law IV or the Sexual Offender Registration and Notification Act (SORNA).[1]

SORNA was effective on December 20, 2012 and established a three-tier classification system for sexual offenders. Section 9799.14 of SORNA, 42 Pa. C.S. § 9799.14. An offender's tier status is determined by the offense committed and impacts the length of time an offender is required to register and the severity of punishment should an offender fail to register or provide false registration information. Section 9799.15 of SORNA, 42 Pa. C.S. § 9799.15; Section 4915.1 of the Crimes Code, 18 Pa. C.S. § 4915.1. Here, Petitioner pleaded nolo contendere on March 2, 1983 in the Allegheny County Court of Common Pleas to charges including Attempted Rape, Rape, Robbery, Indecent Assault, Burglary, Terroristic Threats, False Imprisonment, Simple Assault and Recklessly Endangering Another Person. On February 15, 1984, Petitioner was sentenced to an aggregate term of incarceration of 17 and one-half to 50 years. Commonwealth v. Gregory, (Pa. Super. No. 1229 WDA 2012, filed October 8, 2013), slip op. at 1-2; (Preliminary Objections Exhibits A, B.) Attempted Rape and Rape are Tier III

---

[1] Sections 9799.10–9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10–9799.41, effective December 20, 2012.

2

offenses under SORNA. 42 Pa. C.S. § 9799.14(d)(4). Tier III offenders are required to register for the offender's lifetime. 42 Pa. C.S. § 9799.15.

SORNA charged PSP with creating and maintaining the registration system, and PSP has promulgated regulations to that effect. Section 9799.16 of SORNA, 42 Pa. C.S. § 9799.16; 37 Pa. Code §§ 56.1-56.4. Section 9799.16(b) of SORNA requires that a registrant must provide the following information for inclusion in the registry: name, including any aliases or the like used on the internet; telephone numbers; social security number; address of each residence located in the Commonwealth; passport or immigration documents; the name and address of any employers; any occupational licensing numbers; date of birth; driver's license number; and information on any vehicles owned or operated. 42 Pa. C.S. § 9799.16(b). Additionally, PSP must ensure that the registry includes a physical description of the registrant, including any identifying marks; the offender's criminal record; and a current photograph of the individual. 42 Pa. C.S. § 9799.16(c). This information is included in a statewide registry, which must "[b]e able to communicate with" the registries maintained by the United States Department of Justice and other jurisdictions. 42 Pa. C.S. § 9799.16(a)(2), (3).

Petitioner currently is incarcerated at the State Correctional Institution (SCI)-Laurel Highlands. (Amended Petition ¶ 2.) Because Petitioner pleaded nolo contendere in 1983 and still is incarcerated, SORNA's requirements would apply retroactively to him upon his release. See Section 9799.13(2) of SORNA, 42 Pa. C.S. § 9799.13(2) (providing that SORNA applies to "[a]n individual who, on or after the effective date of this section, is, as a result of a conviction for a sexually violent offense, an inmate in a State or county correctional institution of this Commonwealth . . . .").

The Amended Petition consists of 12 paragraphs, the first 9 of which are a mixture of factual averments regarding Petitioner's conviction, the legislative history of the federal and Pennsylvania's sex offender statutes, and citations to various state and federal decisions and statutes. The relevant factual averments are contained in paragraphs 9 through 12 followed by Petitioner's prayer for relief. The entire text of these paragraphs is as follows:

9. The federal (SORNA) statute as enacted did not apply to [a] person convicted before it was enacted, but authorized the Attorney General of the U.S. to adopt [] retroactivity regulations, which the U.S. Supreme Court saw differently under U.S. v. Reynolds, 710 F.3d 498[] (2013); U.S. v. Shenandoa[h] 595 F.3d 151 (2010).

10. Even though Pa has adopted standards of risk evaluation instruments for sentencing judge to determine, and extended to Pa (DOC) for parole purposes, the Pa (SORNA) is based entirely on the crime of conviction, without any consideration of the risk of reoffending.

11. [Petitioner] has been classified as a low risk offender by the Pa DOC.

12. [Petitioner] is unfairly prejudice[d] due to these differences between the federal (SORNA), and the Pennsylvania (SORNA) standards without the sentencing judge's evaluation, or the Attorney General's Notification of determining risk factors, undermining the Ex Post Facto Clause of the United States Constitution.

Wherefore, [Petitioner] prays this Court will enter an Order that the Pa. Meg[a]n's Law, and the Adam Walsh Child Protection And Safety (Registration) Act, shall not apply absent a sentencing judge's determination of the total[it]y of the circumstances.

(Amended Petition ¶¶ 9-12 and Prayer for Relief.)

We first note that the Amended Petition seeks an order from this Court that the registration requirement for convicted sex offenders found in SORNA "shall

4

not apply absent a sentencing judge's determination of the total[it]y of the circumstances." (Amended Petition, Wherefore Clause.) The Amended Petition does not articulate clearly the relief sought specifically from PSP although the implication is that Petitioner is seeking an order preventing PSP from applying SORNA to Petitioner. The gist of the Amended Petition seems to be that Petitioner was convicted before SORNA became effective; that SORNA is punitive; that there is no provision in SORNA for evaluation of the offender to determine risk as the statute bases its registration requirements solely on the type of conviction; that Petitioner has been classified as low risk; and that to apply SORNA to Petitioner in this way violates the ex post facto provision of the constitution. Petitioner apparently seeks an order that SORNA should not be applied to him without a sentencing judge's evaluation, although there are no specific allegations regarding PSP.

PSP in its POs maintains that the Amended Petition contains insufficient factual and legal specificity and is improperly pleaded such that it should be dismissed pursuant to Rule 1028(a)(3) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a)(3), and, to the extent that Petitioner's request for relief could be construed as SORNA-related, that the Amended Petition is legally insufficient (demurrer) to establish that such relief is appropriate. PSP in the demurrer PO also asserts that to the extent the Amended Petition seeks mandamus relief, it too is legally insufficient.[2,3] In ruling on POs, we must accept

---

[2] Our Supreme Court in Fagan v. Smith, 41 A.3d 816 (Pa. 2012), has explained mandamus relief as follows:

> The writ of mandamus exists to compel official performance of a ministerial act or mandatory duty. See Delaware River Port Auth. v. Thornburgh, [] 493 A.2d 1351, 1355 ([Pa.] 1985). Mandamus cannot issue "to compel performance of a

*(Continued…)*

5

as true all well-pleaded material allegations in the Petition and all inferences reasonably deducible therefrom. Wagaman v. Attorney General of the Commonwealth of Pennsylvania, 872 A.2d 244, 246 (Pa. Cmwlth. 2005). "Preliminary objections shall be sustained only when they are clear and free from doubt." Grand Cent. Sanitary Landfill, Inc. v. Dep't of Envtl. Res., 554 A.2d 182, 184 (Pa. Cmwlth. 1989).

---

discretionary act or to govern the manner of performing [the] required act." Volunteer Firemen's Relief Ass'n of City of Reading v. Minehart, [] 203 A.2d 476, 479 ([Pa.] 1964). This Court may issue a writ of mandamus where the petitioners have a clear legal right, the responding public official has a corresponding duty, and no other adequate and appropriate remedy at law exists. Id.; see Board of Revision of Taxes v. City of Philadelphia, [] 4 A.3d 610, 627 ([Pa.] 2010). Moreover, mandamus is proper to compel the performance of official duties whose scope is defined as a result of the mandamus action litigation. Thornburgh, 493 A.2d at 1355. Thus, "we have held that mandamus will lie to compel action by an official where his refusal to act in the requested way stems from his erroneous interpretation of the law." Minehart, 203 A.2d at 479–80.

Fagan, 41 A.3d at 818.

[3] Rule 1028 of the Rules of Civil Procedure provides, in pertinent part:

Rule 1028. Preliminary Objections

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

\* \* \*

(3) insufficient specificity in a pleading;

(4) legal insufficiency of a pleading (demurrer);

\* \* \* \*

Pa. R.C.P. No. 1028(a)(3)(4).

6

To the extent the Amended Petition can be read as alleging that the SORNA registration requirement for convicted sex offenders violates the constitutional prohibition regarding ex post facto laws, we already have held in Coppolino v. Noonan, 102 A.3d 1254, 1278-79 (Pa. Cmwlth. 2014), aff'd, 125 A.3d 1196 (Pa. 2015), that SORNA is civil remedial legislation not punitive in nature, and that the retroactive application of its registration requirements, save Section 9799.15(g),[4] does not constitute an ex post facto law. But see Commonwealth v. Martinez, ___ A.3d ___, ___ (Pa. No. 30 MAP 2015, filed September 28, 2016), slip. op. at 19 n.17 (stating "[i]t … remains an open question whether SORNA's registration requirements constitute punishment for constitutional purposes")[5]; Taylor v. Pa. State Police, 132 A.3d 590, 604 (Pa. Cmwlth. 2016) (concluding that it is not clear that SORNA's *internet notification* provision does not violate the Ex Post Facto Clause of the Pennsylvania Constitution).

Petitioner also alleges that SORNA's reporting requirements are based solely on conviction without an evaluation by the sentencing judge of the risk factors of an individual defendant reoffending, that he has been classified as a low

---

[4] 42 Pa. C.S. § 9799.15(g). Section 9799.15(g) addresses in-person appearances to update registration information, which is not at issue here.

[5] Martinez addressed whether the registration requirements of SORNA could be imposed upon a sex offender that entered into a plea agreement prior to the enactment of SORNA, and where sexual offender registration was a term of the agreement. The Supreme Court concluded that such offenders "are entitled to the benefit of the bargains struck with the Commonwealth when the trial court accepted the parties' plea agreements." Commonwealth v. Martinez, ___ A.3d ___, ___ (Pa. No. 30 MAP 2015, filed September 28, 2016), slip. op. at 2. Like the appellants in Martinez, Gregory is required to register for a term of years different than what existed at the time of his conviction. In fact, Megan's Law did not exist at the time of Gregory's conviction. But unlike the appellants in Martinez, Gregory did not enter into a plea agreement that included terms on sexual offender registration. Gregory pleaded nolo contendere. Thus, the holding in Martinez does not apply to the instant matter.

risk for reoffending, and that the federal analogue to SORNA provides such a mechanism. That is the extent of Petitioner's averments on this issue. While the very broad outlines of an argument that SORNA should not be applied to him without a sentencing judge's evaluation are presented, the allegations are deficient. We thus sustain PSP's PO for insufficient specificity, without prejudice, as the Amended Petition does not contain facts sufficient to enable PSP to answer or defend as the specific nature of the relief sought is not clear.

Turning to PSP's "demurrer as to possible SORNA-related relief," the PO appears to argue why there is no SORNA-related relief available to Petitioner, to wit, he has been convicted of the predicate offenses under SORNA, and SORNA attaches as a matter of law; therefore, PSP cannot exempt him and he thus has no clear right to relief under any theory. PSP argues further that to the extent Petitioner seeks mandamus relief, he fails to plead the requisite facts to establish the required elements. As to this latter point, the Amended Petition seeks an order from this Court that the registration requirement for convicted sex offenders found in SORNA "shall not apply absent a sentencing judge's determination of the total[it]y of the circumstances." If Petitioner's argument is that SORNA should not be applied to him without a sentencing judge's evaluation, the relief sought is more in the nature of a declaratory judgment. Moreover, although it includes the reference to mandamus, PSP's demurrer PO is described as a "demurrer to possible SORNA-related relief." While the PO could be interpreted to be a more comprehensive demurrer, it is not clear from the pleadings if the PO is a demurrer to mandamus relief with an explanation as to why such relief is not available or a more comprehensive demurrer arguing that Petitioner has no clear right to relief under any theory. Because "[p]reliminary objections shall be sustained only when

8

they are clear and free from doubt," <u>Grand Cent. Sanitary Landfill</u>, 554 A.2d at 184, we will overrule PSP's PO in the nature of a demurrer.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman E. Gregory,            :
           Petitioner      :
           :
          v.           :      No. 245 M.D. 2015
           :
Pennsylvania State Police,     :
           Respondent    :

# **O R D E R**

**NOW**, October 13, 2016, the Preliminary Objection of the Pennsylvania State Police in the nature of a demurrer is **OVERRULED**. The Preliminary Objection for insufficient specificity is **SUSTAINED**. Petitioner may file a Second Amended Petition on or before November 14, 2016. If no Second Amended Petition is filed by November 14, 2016, the Chief Clerk shall dismiss the Amended Petition with prejudice.

_____
**RENÉE COHN JUBELIRER,** Judge