566 A.2d 385

James MARINARI, John Marinari, Albert J. Marinari and
New Hanover Corporation, Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF
ENVIRONMENTAL RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Nov. 22, 1989.

Marc D. Jonas, Silverman & Jonas, Norristown, for petitioners.

Mary Young, Asst. Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Environmental Resources (DER) filed preliminary objections on July 6, 1989 to a petition for review in the nature of a complaint in mandamus, equity and for declaratory judgment (petition), filed by James Marinari, John Marinari, Albert J. Marinari and New Hanover Corporation (Petitioners) on June 1, 1989. We overrule the preliminary objections.

The facts as alleged in the petition can be summarized as follows. Petitioners submitted to DER a revised Phase I and Phase II application for a permit under Section 501 of the Solid Waste Management Act (SWMA)[1] on September 24, 1985 for a sanitary landfill in New Hanover Township, Montgomery County. Prior to the issuance of the permit, Petitioners filed a petition with this Court at No. 178 C.D.1988 on January 21, 1988, due to DER's failure to take a final action. This Court continued that litigation indefinitely because DER represented to us that a decision would be made on the permit application on or before February 17, 1988.

In a February 17, 1988 letter, DER informed Petitioners that it had decided to issue a solid waste permit for the proposed landfill, and that it predicted that the permit would be ready for issuance by February 24, 1988. However, in a February 24, 1988 letter, DER informed Petitioners that it needed more time to draft the permit conditions and requested that representatives of both parties meet on February 25, 1988 to discuss the conditions. One of the results of this meeting was an agreement entitled, "Acceptance of Permit Conditions and Waiver of Appeal Rights," (Agreement). Another result was a February 26, 1988 letter from DER to Petitioners, wherein the former promised to review the latters' application for a permit modification in an expeditious manner. The execution of the integrated Agreement and the permits for the proposed landfill were issued concurrently on March 1, 1988. On April 18, 1988, Petitioners withdrew the action at No. 178 C.D.1988.

1. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. § 6018.501.

DER issued a permit for the proposed landfill on March 1, 1988 pursuant to the SWMA. It also issued a national pollutant discharge elimination system permit and a certification under the federal Clean Water Act.[2] New Hanover Township and the Paradise Watch Dogs appealed the issuance of the permits to the Environmental Hearing Board (EHB) on March 1, 1988.

Subsequent to the March 1, 1988 issuance of the solid waste permit for the proposed landfill, the Municipal Waste Regulations were revised. These new regulations required Petitioners to submit an application for a permit modification to show that the proposed facility would comply with the new regulations. Permit Condition No. 4 of the solid waste permit issued on March 1, 1988 contained notice that the new regulations would require Petitioners to obtain a permit modification prior to the construction of the landfill.

Petitioners submitted an application for a permit modification on July 27, 1988. On March 30, 1989, the Department issued technical comments on that application. Petitioners filed an appeal to that comment letter, which is still pending.

In its preliminary objections, DER contends that Petitioners' action should be dismissed because (1) they have an adequate and available administrative remedy; (2) DER has neither taken nor proposed final action against them; (3) DER has no mandatory duty to take the action requested; (4) they are seeking to enforce an agreement that does not require DER to do what they are requesting this Court to order it to do; and (5) they are seeking to enforce an alleged oral agreement between attorneys in settlement of a law suit.

Petitioners argue that the absence of any action or adjudication by DER leaves them no available or adequate administrative remedy. They also contend that a demurrer must be overruled when, in accepting all well-pleaded facts as true, a cause of action is stated.

2. 33 U.S.C. §§ 1251–1387 (1978).

There are five permissible preliminary objections as per Pa.R.C.P. No. 1017. DER's preliminary objections numbers 1 and 2 go to jurisdiction and 3, 4 and 5 are in the nature of a demurrer.

■ We are bound to accept as true all factual averments in the petition in our consideration of DER's preliminary objections. *O'Hara Sanitation v. Department of Environmental Resources*, 125 Pa.Commonwealth Ct. 441, 557 A.2d 453 (1989). This Court must also accept as true all reasonable inferences which may be deduced from the well-pleaded facts when examining the legal sufficiency of the preliminary objections. *Id.*

■ In its first preliminary objection, DER argues that Petitioners' action should be dismissed because they have an adequate and available administrative remedy. While it is true that this Court has no jurisdiction to entertain a suit when the party has not exhausted the statutory remedies,[3] such is not the case here.

DER contends that Petitioners' remedy is an appeal to the EHB, which has the power to uphold, reverse or modify DER's decision. However, DER has yet to take any appealable action in regards to the application for permit modification.[4]

The EHB is not statutorily authorized to exercise judicial powers in equity. Its power and duty are to hold hearings and issue adjudications on DER's orders, permits, licenses or decisions.[5] Because DER has done none of those things, Petitioners' remedy does not lie with the EHB, contrary to its assertion.

■ This Court has jurisdiction when administrative remedies are either unavailable or inadequate, or if the adminis-

3. *Interstate Traveler Services, Inc. v. Department of Environmental Resources*, 486 Pa. 536, 406 A.2d 1020 (1979).

4. Indeed, thirteen months passed before DER even issued technical comments on the application for permit modification, submitted on July 27, 1988.

5. Section 4(a) of the Environmental Hearing Board Act (EHBA), Act of July 13, 1988, P.L. 530, *as amended,* 35 P.S. § 7514(a).

trative process is incapable of providing the relief sought by petitioner. *See Ohio Casualty Group of Insurance Co. v. Argonaut Insurance Co.*, 514 Pa. 430, 525 A.2d 1195 (1987). Even if DER's preliminary objections were sustained, Petitioners would still have no remedy through the administrative process. They would still be forced to wait until DER processed their application for permit modification.

In a case involving an appeal from a dismissal of a private litigant's complaint seeking legal and equitable relief and damages from a telephone company for failure of plaintiff to exhaust administrative remedies, the Pennsylvania Supreme Court held that in cases where the available administrative remedies are inadequate with respect to the alleged injury, the exhaustion of them is not required. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977). The Court further espoused that the exhaustion of administrative remedies rule is not inflexible and when the "administrative expertise" of an agency is not required for the resolution of the issue, then compliance with the rule is not mandatory. *Id.*

■ Petitioners are not requesting this Court to grant or deny the permit on substantive grounds. Their ultimate goal is to have us compel DER, which has the requisite expertise, to process the application and render a decision.

Because (1) Petitioners in the present posture of this case do not have an adequate and available administrative remedy and (2) we are authorized to assume jurisdiction in those cases, we overrule DER's first preliminary objection.

Secondly, DER claims that we should dismiss the petition because it has neither taken nor proposed final action against Petitioners. In its brief, DER argues that we have held that decisions made by it while processing an application for a landfill permit, but prior to a final decision on the application, are not ripe for review. However, the case it cites for this proposition is distinguishable from this fact pattern.

That case involved a situation where we refused to exercise equitable jurisdiction over petitioners' pre-enforcement challenge to solid waste management regulations because the petition contained no allegations regarding specific immediate implications for the solid waste management industry as a whole or current regulatory violations, so that enforcement might cause petitioner immediate and direct harm. *Grand Central Sanitary Landfill v. Department of Environmental Resources*, 123 Pa.Commonwealth Ct. 498, 554 A.2d 182 (1989). We held that petitioners could pursue the adequate remedy of administrative review, once DER took an enforcement action. *Id.*

■ This case is different in that Petitioners are immediately and directly harmed by DER's inaction on the application for permit modification. Here, Petitioners to their detriment have endured the artificially prolonged opportunity cost of not developing their land for a landfill or any other purpose, because of DER's inaction. Until it takes a final appealable action, Petitioners will continue to be harmed economically.

Because (1) Petitioners are immediately and directly harmed by DER's inaction, (2) appealing once DER eventually takes a final action is not now an adequate and available remedy at this time and (3) DER has proposed final action regarding the decision on the application for permit modification at various times over long periods, we overrule DER's second preliminary objection.

DER's third, fourth and fifth preliminary objections are all in the nature of a demurrer. At this procedural stage, Petitioners are under no burden to prove their cause of action. We must determine whether the facts in the petition are sufficient to entitle them to relief. *See International Union of Operating Engineers v. Lyonsville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974).

■ Here, even though Petitioners' chosen theory of

law may not support the claim raised by the petition,[6] we may overrule the preliminary objections in the nature of a demurrer if *any* theory will buttress the claim. *Para Transit Association of Delaware Valley, Inc. v. Yerusalim,* 114 Pa.Commonwealth Ct. 279, 538 A.2d 651 (1988); *Cianfrani v. State Employes' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984). Despite the fact that DER correctly states that it has nine months from the date it determines that an application for a municipal waste landfill is administratively complete to deny or issue a permit,[7] we cannot say with certainty that Petitioners have pleaded facts insufficient to establish a right to relief.

In the SWMA section outlining DER's powers and duties, the Legislature requires it to "issue permits, licenses and orders, and specify the terms and conditions thereof, and conduct inspections and abate public nuisances to *implement the purposes* and provisions of this Act ..."[8] The purpose of the SWMA, as per the Legislature, is to "establish and maintain a *cooperative* State and local program of planning and technical and financial assistance for comprehensive solid waste management."[9]

If we accept as true the factual summary from the petition, DER may have circumvented the Legislature's declaration of policy in this case. Because we find that the law is uncertain as to a possible recovery by Petitioners, we overrule DER's remaining three preliminary objections, numbers 3, 4 and 5, in addition to 1 and 2.

### ORDER

AND NOW, this 22nd day of November, 1989, we overrule DER's preliminary objections. DER shall have thirty

---

**6.** Petitioners request that we enforce the Agreement between the parties; however, as DER correctly contends, there is no clause in that integrated document requiring expedited review.

**7.** Section 512 of the Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556, 53 P.S. § 4000.512(b)(1)(i).

**8.** 35 P.S. § 6018.104(7) (emphasis added).

**9.** 35 P.S. § 6018.102(1) (emphasis added).

(30) days from the date of this Order to file an answer to the petition.