606 A.2d 645

Louis COSTANZA, individually and trading
and doing business as Elephant Septic
Tank Service, Petitioner,

v.

DEPARTMENT OF ENVIRONMENTAL
RESOURCES, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided March 27, 1992.

Allan E. MacLeod, for petitioner.

Gail A. Myers, Asst. Counsel, for respondent.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Louis Costanza, t/d/b/a Elephant Septic Tank Service (Costanza), appeals from an order of the Environmental Hearing Board (the Board) which dismissed Costanza's petition for declaratory relief due to lack of jurisdiction. Costanza seeks a determination that the Board has the inherent power to grant declaratory relief and a remand to the Board. In the alternative, Costanza asks this Court to grant the declaratory relief he seeks. We are not persuaded by Costanza's arguments and affirm.

On March 6, 1991, the Pennsylvania Department of Environmental Resources (DER) sent Costanza a "Notice of Violation" informing Costanza that DER considered him to be in violation of 25 Pa.Code § 275.222(d) due to failure to pay an annual, non-refundable permit administration fee with his Annual Operation Reports. The letter also indicated a failure by Costanza to submit annual sludge analyses. Costanza filed a "Notice of Appeal/Petition for Declaratory Relief" with the Board seeking a determination

that he is exempt from payment of the fees because he is operating under permits issued before the fee requirement went into effect. The Board dismissed Costanza's petition for declaratory relief, holding that it had not been statutorily granted the power to provide such relief.[1]

 Costanza argues that the Board has the power to grant declaratory relief pursuant to the regulations governing the General Rules of Administrative Practice and Procedure. 1 Pa.Code §§ 31.1–35.251. Specifically, Costanza relies upon Section 35.19 which provides as follows:

> Petitions for the issuance, in the discretion of an agency, of a declaratory order to terminate a controversy or remove uncertainty, shall state clearly and concisely the controversy or uncertainty which is the subject of the petition, shall cite the statutory provision or other authority involved, shall include a complete statement of the facts and grounds prompting the petition, together with a full disclosure of the interest of the petitioner.

DER responds by arguing that the regulation Costanza cites only indicates what shall be included in a petition for declaratory relief properly addressed to an agency which has the inherent power to grant such relief. We agree.

 Any power exercised by an administrative agency must be conferred by statute; such powers can be expressly conferred or necessarily implied. *Department of Environmental Resources v. Butler County Mushroom Farm,* 499 Pa. 509, 454 A.2d 1 (1982). The powers of the Board are governed by the Environmental Hearing Board Act (EHBA), Act of July 13, 1988, P.L. 530, *as amended* 35 P.S. §§ 7511–7516. Section 4 of the EHBA delineates the powers granted the Board as follows:

> (a) General Rule.—The board has the power and duty to hold hearings and issue adjudications under 2 Pa.C.S. Ch.

---

1. Costanza also requested that the Board review the DER determination as to the other violations alleged in the March 6, 1991 letter. The Board dismissed that portion of Costanza's petition on July 3, 1991, holding that the DER letter was not an appealable final action. Costanza has not appealed the July 3rd decision; thus the finality issue is not properly before us.

5 Subch. A (relating to practice and procedure of Commonwealth Agencies) on orders, permits, licenses or decisions of the department.

(b) Powers Continued.—The board shall continue to exercise the powers to hold hearings and issue adjudications which (powers) were vested in agencies listed in section 1901–A of the act of April 9, 1929, (P.L. 177, No. 175), known as The Administrative Code of 1929.

35 P.S. § 7514. There is no express grant of the power to provide declaratory relief in Subsection (a). A review of the powers of the agencies referred to in Subsection (b) reveals that none were expressly granted the right to grant declaratory relief. Thus, whether the Board can grant declaratory relief depends upon whether the power to provide declaratory relief is necessarily implied in the power to issue adjudications as stated in Subsection (a).

Adjudication as used in the EHBA is a statutorily defined term with the following meaning:

"Adjudication." Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

2 Pa.C.S. § 101. A declaratory judgment, the relief sought here by Costanza, would come within this definition as it would be an order affecting the liabilities of a party to the proceedings. The extraordinary nature of declaratory relief, however, compels us to conclude that the power to grant such relief is not necessarily implied by this broad definition of adjudication as used in Section 4 of the EHBA.

■ Historically, an action seeking declaratory relief in a court was subject to an objection that it required the court to exercise a non-judicial function because a declaratory judgment can be characterized as an advisory opinion rather than the adjudication of a case or controversy. *See Kari-*

*her's Petition (No. 1)*, 284 Pa. 455, 131 A. 265 (1925), for an in depth discussion of the history of declaratory judgments. Prior to enactment of the Uniform Declaratory Judgment Act (the UDJA)[2] in 1923, Pennsylvania courts did allow actions for declaratory judgment under different names in some limited circumstances[3] but only when an actual controversy between the parties existed. *Kariher*, 284 Pa. at 464–66, 131 A. at 268–69. The adoption of the UDJA made the practice of granting declaratory relief more extensive. *Kariher*, 284 Pa. at 465, 131 A. at 268. The grant of power in the UDJA, however, is restricted to "Courts of record".[4] 42 Pa.C.S. § 7532. As the Board is not a court of record, the UDJA does not empower it to grant declaratory relief. Moreover, the UDJA was re-enacted in 1976;[5] it was well known at that time that administrative agencies often perform adjudicatory functions. The General Assembly, however, did not include such agencies among those institutions covered by the UDJA. The principle of *inclusio unius, exclusio alterius* leads us to conclude that there is no legislative intent to grant administrative agencies the power to provide declaratory relief implied in the grant of the power to issue adjudications.

This restricted reading of the implications of "adjudication" as used in the EHBA is consistent with this Court's opinion in *Marinari v. Department of Environmental Resources*, 129 Pa.Commonwealth Ct. 569, 566 A.2d 385 (1990). There we held that the Board "is not statutorily authorized to exercise judicial powers in equity." *Id.*, 129

2. Act of June 18, 1923, P.L. 840, *repealed by*, Act of April 28, 1978, P.L. 202. Similar language now appears in 42 Pa.C.S. § 7532.

3. Examples of these types of actions which pre-exist the adoption of the UDJA include: an action in equity to remove a cloud on the title to land, an action to declare a second marriage bigamous, and an action for ejectment. *Kariher*, 284 Pa. at 464, 131 A. at 268.

4. Declaratory judgments are also provided for in Pa.R.Civ.P. Nos. 1601–1604. Those rules are similar to 35 Pa.Code § 35.19 in that they specify how to properly plead an action for declaratory relief in court. These rules do not apply to the EHB and cannot be construed to grant it the power to provide declaratory relief to any such agency.

5. Act of July 9, 1976, P.L. 586.

Pa.Commonwealth Ct. at 573, 566 A.2d at 387. An equitable decree would fit the definition of adjudication as readily as a declaratory judgement. Under *Marinari*, however, the power to grant equitable relief is not implied in the use of the term "adjudication" in the EHBA.

Further support for this conclusion is found in *Kaiser Energy, Inc. v. Department of Environmental Resources*, 113 Pa.Commonwealth Ct. 6, 535 A.2d 1255 (1988). Although not explicitly addressing the argument presented here, this Court held that the Board of Property had the power to grant declaratory relief when a petition for declaratory judgment is filed within its jurisdiction "to hear and determine cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth." *Kaiser*, 113 Pa.Commonwealth Ct. at 8 n. 2 and 3, 535 A.2d at 1257 n. 2 and 3. The court characterized the petition as an action to quiet title or an action in ejectment, both actions traditionally considered declaratory in nature. *Id.*, n. 2. Thus it is apparent that the General Assembly employs express language when it intends to grant agencies the power to provide declaratory relief. As noted above, no such express language appears in the EHBA.

In the alternative, Costanza asks this Court to exercise its original jurisdiction and provide him the declaratory relief he seeks. We decline this invitation to act so precipitously because Costanza has an administrative remedy available. If and when DER attempts to enforce its claim that Costanza is subject to the administrative fees in question, a final agency action will result. At that time Costanza may appeal to the Board and raise the issue he prematurely presents today.

■ We will not compel a party to exhaust administrative remedies where such remedies are unavailable or inadequate, or if the administrative process is unable to provide the relief requested. *Marinari*, 129 Pa.Commonwealth Ct. at 573–74, 566 A.2d at 387. Although we hold today that the Board cannot grant declaratory relief, the substance of

Costanza's petition seeks a determination that he is not subject to the administrative fees. This determination can be made by the Board when it is presented with final agency action in this matter. To entertain Costanza's petition in our original jurisdiction at this time because the Board is unable to provide declaratory relief would elevate the form of the relief sought over the substance of the question posed.

Affirmed.

## ORDER

NOW, March 27, 1992, the order of the Environmental Hearing Board, dated May 13, 1991, at No. 91–140–E, is affirmed.