**CORNERSTONE FAMILY SERVICES, INC., Petitioner,**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 10, 2002.

Decided July 2, 2002.

Reargument En Banc Denied July 31, 2002.

Norman E. Greenspan and Lewis J. Hoch, Philadelphia, for petitioner.

Charles J. Hartwell, Harrisburg, for respondent.

Kathleen K. Ryan, Harrisburg, for intervenor, PA Funeral Directors Assoc.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Before this court are the preliminary objections filed by the Bureau of Professional and Occupational Affairs (Bureau) and the Pennsylvania Funeral Directors Association (Directors) in response to a declaratory judgment action filed in this court's original jurisdiction by Cornerstone Family Services, Inc. (Cornerstone). For the reasons that follow, we sustain the preliminary objections.

Cornerstone, a licensed corporation, is in the business of operating cemetery companies. As such, it oversees the operations of its subsidiaries including Riverside Cemetery Company, which operates Riverside Cemetery (Riverside), Woodlawn Me-

morial Gardens, Inc. (Woodlawn) and Osiris Holding of Pennsylvania, which operates Cumberland Valley Memorial Gardens (Cumberland). Riverside, Woodlawn and Cumberland sell cemetery lots and cemetery goods and services, including goods and services related to cremation. Such goods and services include transport, cremation, interment and other arrangements for disposition, such as an urn. These goods and services may be purchased at death, referred to as "at-need" or before death, referred to as "pre-need."

On April 4, 2001, the Bureau issued an investigative subpoena to Cornerstone on behalf of the State Board of Funeral Directors (Board), which is charged with enforcement of the Funeral Director Law (Funeral Law or Law)[1], requesting:

> [C]opies of all documents and records regarding funeral arrangements and or cremation services provided by or sold by Cornerstone ... at the Woodlawn Memorial Gardens and Cumberland Valley Memorial gardens ... including, but not limited to Statements of Funeral Goods and services, cremation authorizations, preneed burial contracts, as well as all records pertaining to institutions holding any preneed funds received under said preneed burial contracts ....

On May 15, 2001, the Bureau issued another subpoena requesting "files of all Pre-Need Cremations sold from May 17, 1997 until the present ...." Cornerstone did not comply with the subpoenas nor did they object to the subpoenas. Additionally, the Bureau did not seek enforcement of the subpoenas.

On December 6, 2001, Cornerstone filed a declaratory judgment action in this court asking this court to declare that the Board does not have jurisdiction over cemeteries.

Bureau and Directors filed preliminary objections, which are presently before us.

■ A preliminary objection in the nature of a demurrer raises the question of whether, on the facts averred, the law says with certainty that no recovery is possible. In resolving this question, this court must accept as true all well-pleaded facts of the challenging pleading, as well as all inferences reasonably deducible therefrom and all doubts must be resolved in favor of the non-moving party. *Independence Blue Cross v. Pennsylvania Insurance Department,* 670 A.2d 221 (Pa.Cmwlth.1996).

The first issue we will address is whether relief under the Declaratory Judgments Act is not available because this is a proceeding within the exclusive jurisdiction of the Board.

■ "Pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, declaratory relief may be granted for the purpose of affording relief from uncertainty and insecurity regarding legal rights, status and other relations." *Faldowski v. Eighty Four Mining Company,* 725 A.2d 843 (Pa.Cmwlth.1998). A proceeding for a declaratory judgment is barred, however, where the underlying matter is "within the exclusive jurisdiction of a tribunal other than a court." 42 Pa.C.S. § 7541(c)(2). In accordance with Section 16 of the Funeral Law, 63 P.S. § 479.16(a), the Bureau and Directors argue that the Board has original exclusive jurisdiction over disciplinary proceedings for unlicensed practice. In particular, the Board exercises lawful jurisdiction over the sale of pre-need arrangements for cremation services as such services require the involvement of a licensed funeral director under the Law.

■ Where there is an administrative remedy available, this court will not exer-

---

**1.** Act of January 14, 1952, P.L. (1951), 1898, *as amended,* 63 P.S. §§ 479.1–479.20.

cise its original jurisdiction and provide for declaratory relief. *Costanza v. Department of Environmental Resources,* 146 Pa. Cmwlth. 588, 606 A.2d 645 (1992). "In instances where it is unclear whether a particular agency possesses the jurisdiction to consider a claim before it, the courts of the Commonwealth have repeatedly refrained from interfering with the due course of administrative action, allowing the agency to determine the extent of its jurisdiction in the first instance." *Independence Blue Cross,* 670 A.2d at 223.

Cornerstone maintains that this court has previously overruled preliminary objections to a petition for review in the nature of an action for declaratory judgment under circumstances similar to those presented here. In *Blackwell v. Pennsylvania State Ethics Commission,* 125 Pa. Cmwlth. 42, 556 A.2d 988 (1989), the State Ethics Commission (Commission) initiated an investigation of three Philadelphia city council members after learning they had hired their spouses in violation of the Public Officials Act. The council members filed an action for declaratory relief and requested the Commission to stay its investigation pending the outcome of the action. The Commission denied the request, issued subpoenas in furtherance of its investigation and filed preliminary objections to the declaratory judgment action.

This court observed that the council members raised substantial constitutional questions and challenged the Commission's authority to proceed with its investigation. This court concluded that when challenges, particularly those constitutional in nature, are raised questioning the validity of a statute itself or questioning the scope of a governmental body's action pursuant to statutory authority, then the Declaratory Judgments Act is properly invoked. In this case, Cornerstone maintains that, as in

*Blackwell,* its challenge goes to the heart of the Boards' power.

The Directors and Bureau respond that the Law in this case expressly limits the authority of crematories and cemeteries and defines the practice of funeral directing in such a way as to include cremation. Specifically, Section 2 of the Funeral Law, 63 P.S. § 479.2 defines a funeral director as "any person engaged in the profession of a funeral director **or in the care and disposition of the human dead** or in the practice of disinfecting and preparing by embalming the human dead for the funeral service, burial or cremation, **or the supervising of burial, transportation or disposal of deceased human bodies.**" (Emphasis added.) The term funeral director also includes "a person who **makes arrangement for funeral service.**" *Id.* (Emphasis added.) However, "employees of any crematory whose duties extend no further" are not subject to discipline as having practiced without benefit of licensure, Section 13(a)(1) of the Funeral Law, 63 P.S. § 479.13(a)(1).

We agree that the services purportedly provided by Cornerstone, which include the care and disposition of the human dead fall within the definition of funeral director. Cornerstone argues nonetheless that the statutory definition of a funeral director includes embalming and because it does not engage in such a practice it does not fit the definition of funeral director. We observe however that a funeral director need not be in the practice of embalming. Rather a funeral director is an individual who is engaged in the disposition of bodies *or* in the practice of embalming, *or* supervises the burial or disposal of bodies. Thus, although Cornerstone is not engaged in embalming, the services it provides fit within the definition of funeral director. Because Cornerstone is in the business of disposing of

human bodies, supervising burial, transporting, and selling goods and services related to cremation, it is by definition engaged in funeral directing and therefore subject to the Law.

Cornerstone also maintains that it is expressly permitted to engage in the sale of goods and services related to cremation on an at-need and pre-need basis pursuant to 9 Pa.C.S. §§ 101–312, which deals with the regulation of cemetery companies and the Future Interment Law, Act of August 14, 1963, P.L. 1059, 63 P.S. §§ 480.1–480.11. In addition, because it is not in the business of "preparing by embalming" human remains for the purposes of burial or cremation, its activities are not covered by the Funeral Law.

■■■ Directors and Bureau correctly argue that the Future Interment Law does not supersede or obviate the Funeral Law, Section 11 of the Law, 63 P.S. § 480.11. While unlicensed individuals may sell merchandise under the Future Interment Law, they may not step into the shoes of a funeral director and offer to counsel families in the selection of goods and services which is governed by the Funeral Law. The Funeral Law:

> prohibits persons other than licensed funeral directors from 1) engaging in discussions with individuals regarding the selection of funeral services, 2) offering to enter into a contract for funeral goods and services when needed and 3) making financial arrangements for the sale of funeral services and merchandise incidental to those services. The terms are not vague.

*Ferguson v. State Board of Funeral Directors,* 768 A.2d 393, 401 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied,* 566 Pa. 670, 782 A.2d 549 (2001).

Moreover, the provisions of 9 Pa.C.S. §§ 101–312 do not expressly authorize Cornerstone to sell goods and services re-

lated to cremation. The sections relied on by Cornerstone speak in terms of the creation and protection of permanent lot care funds.

Next, Cornerstone maintains that the Board does not have authority to issue the subpoenas with respect to cemetery sales of cremation.

In Count II of its action for declaratory judgment, Cornerstone acknowledges that Section 2 of the Act of July 2, 1993, P.L. 345, 63 P.S. § 2202 permits the issuance of an investigatory subpoena "in disciplinary matters before a licensing board or commission for the purpose of investigating alleged violations of the disciplinary provisions administered by a licensing board or commissions." Cornerstone, however, maintains it is not engaged in rendering services reserved to licensed funeral directors pursuant to Title 63 and as such the Board, by requesting the issuance of subpoenas, has acted outside of its statutory authority. Cornerstone maintains that it conducts cremations pursuant to Section 1 of the Act of June 8, 1891, P.L. 212, 35 P.S. § 1121, which requires Cornerstone to secure a permit from "the board or department of health or local health authorities of the city or locality within which such crematory furnace or place is situate" and 35 P.S. § 1121 confers no authority upon the Board with respect to the issuance of such permits.

Directors and Bureau respond that the investigative subpoenas in this case focus on prearranged cremation packages, which provide a complete funeral to a customer. The prearrangements at issue in this case represent the same issue determined by this court in *Ferguson.* The anticipated documents will show that Cornerstone representatives, like those individuals in *Ferguson,* helped customers

plan and fund their funerals, including funeral services, in all aspects. By assisting the [consumers] in the selection of funeral merchandise, [the unlicensed salesperson] held herself out to the public as one skilled in the knowledge of funeral directing. As the Board stated: 'Section 13(c) very clearly limits these discussions with customers to licensed funeral directors. By training and experience, and with Board regulatory oversight, licensed funeral directors are qualified to assist individuals with prearranging their funerals.'

*Ferguson,* 768 A.2d at 400. Providing such services constitutes the unlicensed practice of funeral directing over which the Board has jurisdiction.

■ As stated in *Lansdowne,* the test to be applied in determining the enforcement of an administrative subpoena is whether the inquiry is within the authority of the agency, whether the demand is not too indefinite and whether the information sought is reasonably relevant. Here, the Board is vested with the authority to investigate unlicensed practice, Section 16 of the Law, 63 P.S. § 479.16. In addition, the subpoenas reasonably request information relating to funeral arrangements and cremation services. Such information is relevant in order to determine whether Cornerstone has engaged in unlicensed activity.

Moreover, although a permit to conduct cremation is required by 35 P.S. § 1121, that section does not permit individuals not licensed under the Funeral Law to engage in activities within the purview of the Law.

Next, Cornerstone argues that the Board improperly mixes its prosecutorial and adjudicative functions. In the paramount case of *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992), the Court stated that the appearance of impropriety must be viewed with deep skepticism and that the State Board of Medicine's practice of acting as adjudicator as well as directing the investigation, violated due process.

Here, Cornerstone argues that the Board and the Directors have a tangible stake in the outcome of this case. The Board consists of nine members, a majority of whom are licensed funeral directors. As such, they compete directly with Cornerstone. In addition, the membership of the Directors consists of over twelve hundred funeral directors, who also actively compete with cemeteries such as Cornerstone. According to Cornerstone, a "violation of due process will inevitably occur if the Board is permitted to enforce compliance with the subpoenas and then prosecute and adjudicate whether Cornerstone has violated the Funeral Director Law." (Cornerstone's brief at p. 38.)

We observe, however, that as acknowledged by Cornerstone, no prosecution or adjudication has occurred. At this juncture, only investigative subpoenas have been issued. Moreover, although Cornerstone claims that the Board members, a majority of whom are licensed funeral directors, have a financial interest in the outcome of this case, it was not the Board members themselves, but the attorney who represents the Board, who sought the investigative subpoenas that were ultimately issued by the Bureau. Section 1 of the Act of July 2, 1993, P.L. 325, 63 P.S. § 2201.

■ Finally, we agree with Directors and Bureau that a court may not prematurely entertain an administrative appeal when an adequate statutory prescribed remedy exists. *Jordan v. Fayette County Board of Assessment Appeals,* 782 A.2d 642 (Pa.Cmwlth.2001). Here, Cornerstone may present its jurisdictional arguments to the Board in a motion to quash the subpoenas, during its case before the Board or

on appeal. Cornerstone may also seek to quash the subpoenas on the grounds asserted in Count II (authority to issue subpoenas) and Count III (mingling of prosecutorial and adjudicative functions). The mere fact that an organization believes that an investigation of its practices is an annoyance or harassment should not be confused with the question of whether a subpoena is issued in good faith pursuant to an inquiry within the authority of the agency. *Lansdowne*, 515 Pa. at 12, 526 A.2d at 764.

Accordingly, because we agree that this is a proceeding within the exclusive jurisdiction of the Board and in accordance with the above, the preliminary objections filed by the Board are sustained.

### ORDER

Now, July 2, 2002, the preliminary objections filed by the Bureau of Professional and Occupational Affairs and the Pennsylvania Funeral Directors Association are sustained and Cornerstone's petition for declaratory judgment is dismissed.