Frank MARTORANO, Appellant

v.

## PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT.

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2007.

Decided Jan. 4, 2008.

---

Samuel L. Spear, Philadelphia, for appellant.

Josh Harman, Philadelphia, for appellee.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Frank Martorano appeals an order of the Court of Common Pleas of Philadelphia County (trial court) affirming a decision of the Philadelphia Board of Pensions and Retirement (Pension Board) that Martorano was not entitled to purchase pension credits for a three-year period of time

during which he was not in active service with the City of Philadelphia (City). Martorano was reinstated to his job at the City without a loss of seniority, and he contends that it is only fair that he be allowed to purchase credit for the time that preceded his reinstatement. The question is resolved entirely by the applicable statutory law and not, as asserted by Martorano, by notions of fairness or equity. We affirm the trial court.

The facts relevant to this matter are as follows. Martorano began working for the City in 1975 as a Heavy Maintenance Operator 1 for the Water Department. Martorano was granted a medical leave of absence for the year 1990. During his leave, he was incarcerated from January 16, 1990, through November 1, 1990. Reproduced Record at 124a–125a (R.R. ——). Martorano requested an extension of his medical leave [1] for the year 1991. The City did not deny this request until late in 1992,[2] at which time Martorano was separated from employment with the City, effective December 31, 1990. Seeking reinstatement, Martorano appealed to the Philadelphia Civil Service Commission, which denied his appeal. Martorano then appealed to the trial court.

Judge Bernard Avellino heard the matter, sustained Martorano's appeal and ordered Martorano reinstated. Judge Avellino was presented with a proposed order that not only reinstated Martorano but also awarded "full back pay and benefits from December 1, 1991 to the time of reinstatement, with interest." However, Judge Avellino revised the proposed order. Thus, the final order signed by Judge Avellino read as follows:

---

**1.** Martorano's physician indicated he suffered from unstable angina, cardiac arrhythmia, shortness of breath, chest pains, hypertension and anxiety during this time.

**2.** Counsel for Martorano indicated that the Water Department was aware of an investigation by the Inspector General into whether Martorano was actually sick rather than incarcerated.

And now, this 22nd day of Dec., 1993, upon consideration of the briefs and arguments of the parties, it is hereby OR-DERED and DECREED that the appeal of Frank Martorano is sustained, that the Decision of the Civil Service Commission is reversed, and that appellant is ORDERED reinstated immediately to his prior position with the Water Department, without loss of seniority, ~~and with full back pay and benefits from December 1, 1991 to the time of reinstatement, with interest.~~ The "back pay" issue is remanded to the Commission for a determination.

R.R. 53a. The final sentence of the order was handwritten by Judge Avellino.

Upon Judge Avellino's remand, the Civil Service Commission considered whether Martorano was entitled to back pay and benefits. The Commission concluded that

neither the Civil Service Regulations nor the Home Rule Charter [have] a provision allowing the employee to receive back pay if the appeal [of a denial to grant a leave of absence] is successful. The only remedy is reinstatement to employment since the award of back pay relates only to cases where disciplinary action is taken against an employee for unjust or arbitrary reasons and the Commission decides some measure of protection or restitution was warranted because of management's impropriety.

R.R. 55a. Accordingly, the Commission ruled that Martorano's "reinstatement should be without back pay." R.R. 56a.

Thereafter, the City and Martorano entered into a settlement agreement. The City agreed not to appeal Judge Avellino's order reinstating Martorano, and Martora-

no agreed not to appeal or request reconsideration of the order "which denied him all pay and remuneration from the time he left on leave until he was actually reinstated, nor otherwise claim any such pay or remuneration." R.R. 57. On these terms, Martorano was reinstated to his position with the City Water Department on December 2, 1994.

On February 12, 2004, Martorano submitted a request to the Pension Board to purchase pension credit for a leave of absence for the period December 31, 1990, through December 1, 1994. This request was denied, and Martorano appealed. On appeal, the Board held that Martorano was eligible to purchase pension credit for a leave of absence without pay for the two-year period from December 23, 1989, through December 22, 1991. It found him otherwise ineligible to purchase leave of absence pension credits for the three-year period from December 23, 1991, through December 1, 1994. Martorano appealed the denial and the trial court affirmed. The present appeal followed.

■ Martorano presents one issue for our consideration.[3] He contends that the Pension Board erred in applying its own regulations when it concluded that Judge Avellino's order reinstating his employment did not implicitly authorize him to purchase pension credits for the entire five-year period. Martorano contends that Judge Avellino's inclusion of the term "without loss of seniority" in his order supports the conclusion that he maintained sufficient ties to the City from December 1990 through December 1994 to allow him pension credit for that period. The Pension Board counters, quite simply, that

---

**3.** This court's scope of review, where the trial court takes no additional evidence, is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact were

supported by substantial evidence. *Tiller v. City of Philadelphia Board of Pensions and Retirement,* 806 A.2d 477, 478 n. 4 (Pa. Cmwlth.2002).

there is no statutory authority for Martorano's requested relief. We agree.

 As a creature of statute, the Pension Board can exercise only those duties given to it by the legislature. *Marinucci v. State Employees' Retirement System,* 863 A.2d 43, 47 (Pa.Cmwlth.2004) (an employee has only those retirement rights created by statute and none beyond it); *see also Costanza v. Department of Environmental Resources,* 146 Pa.Cmwlth. 588, 606 A.2d 645, 646 (1992) ("Any power exercised by an administrative agency must be conferred by statute...."). Although a retirement system must be liberally administered in favor of its members, "a liberal administration of the retirement system does not permit the board to circumvent the express language of the Code...." *Dowler v. Public School Employes' Retirement Board,* 153 Pa.Cmwlth. 109, 620 A.2d 639, 644 (1993). Accordingly, the Board has no authority to grant equitable relief in contravention of the statutory mandates of the Retirement Code. *Rowan v. Pennsylvania State Employes' Retirement Board,* 685 A.2d 238, 240 (Pa.Cmwlth.1996). Thus, the only question before this Court is whether Martorano is authorized under the Retirement Code or the Pension Board's regulations to buy back his time, not whether equity would be best served by allowing him to do so.

The ordinance and regulations relevant to our consideration are as follows.[4] Section 22–801 of the Philadelphia Public Employees Retirement Code addresses leaves of absence without pay lasting more than 90 days. Employees are generally not entitled to purchase service credits for such periods of leave, with limited exceptions.[5] The Pension Board's Regulation No. 3 specifically addresses the purchase of service credit by separated employees who are reinstated. It provides, in relevant part:

3.5 **Repurchase of Prior Service.** Except as provided in Paragraph 3.6 below, the right of a re-hired employee to purchase service credit for prior City service shall be governed by the applicable provisions of whatever ordinance governs at the time of re-hire, currently Section 107 of Plan 1956 and Section 106 of Plan 1987. Re-hired employees who had withdrawn their contributions may be subject to any intervening changes in legislation.

4. The parties amended the record by stipulation in this matter by providing a copy of the relevant regulations for consideration.

5. Section 22–801 provides:

(2) *Leaves for more than ninety (90) days.* If a member receives approval for a leave of absence without pay for a period of more than ninety (90) days, the member may neither contribute to the Retirement System nor accrue credited service for retirement and death benefits for the period of the leave of absence except in the following cases:

(a) The member is granted a leave of absence for three (3) years or less because of such member's illness, maternity or injury.

(b) The member is granted a leave of absence with respect to which employment protections are required under US-ERRA or Chapter 73 of Title 51 of the Pennsylvania Consolidated Statutes (51 Pa.C.S. Ch. 73).

(c) The member is granted a leave of absence without pay in order to serve as a full-time officer or employee of a union which represents City employees.

(d) The member is granted a leave of absence for special education or training.

(e) The member is granted a leave of absence to serve in a United Nations International Peacekeeping or Police Mission.

PHILADELPHIA CODE, § 22–801(2).

**3.6 Repurchase permitted by court order, Civil Service Commission order, arbitration award, collective bargaining agreement, settlement, or the like.** Upon receipt of any court order, Civil Service Commission Order, arbitration award, collective bargaining agreement, settlement, or the like that provides for reinstatement of a separated employee, the Board's staff shall review the document to determine the effect on the employee's pension rights. *Where such a document either implicitly or explicitly provides for retroactive pension service credit for a period for which the employee either made no contributions or received a refund of the contributions but is silent on the terms of the employee repaying such contributions, the Board shall bill the employee, by letter sent by certified mail, for the respective contributions.*

THE PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT, REGULATION NO. 3 (emphasis added).

Martorano asserts that Judge Avellino's order reinstating him to service "without loss of seniority" implicitly authorized him to purchase retroactive pension credits for his five-year hiatus from City employment, including the three in issue here. He contends that Judge Avellino intended to reinstate him without loss of seniority so that he would not lose any employment-related rights that accrue with job tenure, such as the purchase of service credits. Martorano's position lacks merit.

There is nothing in the Retirement Code or Pension Board regulations that ties pension rights or benefits to seniority. They are distinct concepts. The concept of seniority "is not a complicated one. The fundamental principle . . . is that employee rights and benefits increase with length of service." *California Brewers Association v. Bryant,* 444 U.S. 598, 612, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980). Seniority, however, "only has meaning when applied to employment rights, such as furlough or promotion." *Pennsylvania State Corrections Officers Association v. State Civil Service Commission,* 900 A.2d 997, 1004 (Pa. Cmwlth.2006).

In reinstating Martorano to employment without any "loss of seniority," Judge Avellino allowed Martorano to recapture his pre-termination time for purposes of furlough or promotion decisions. The right to purchase credit, however, is tied to active service, and Martorano was not working for the period of time for which he seeks pension credit. Martorano has offered no support for his contention that reinstatement of his seniority gave him the right to purchase credit for service he never rendered to the City.

Moreover, Judge Avellino's order refutes Martorano's argument. Indeed, Judge Avellino expressly rejected Martorano's request for benefits by striking the terms, "and with full back pay and *benefits*[6] from December 1, 1991 to the time of reinstatement, with interest." R.R. 53a (emphasis added). In doing so, Judge Avellino could not have made it clearer that he was denying Martorano's request for benefits, pension or otherwise. Thus, the Board did not err in concluding that Judge Avellino's order did not implicitly

---

**6.** A pension plan is commonly acknowledged as an employment "benefit." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 202 (2002) ("benefit" defined as a "payment, gift financial help in time of sickness, old age, or unemployment a cash payment or service provided for under an annuity, *pension plan* or insurance policy.") (emphasis added).

authorize the purchase of retroactive pension credits.[7]

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 4th day of January, 2008, the order of the Philadelphia Board of Pensions and Retirement, dated November 29, 2006, is hereby AFFIRMED.

---

**7.** Martorano presents three additional arguments which we discuss briefly, given our disposition of this matter. Martorano argues, first, that the Board erred in not granting him the right to purchase credits because the trial court implicitly granted him a *leave of absence* for three years inasmuch as it reversed the Civil Service Commission decision. He contends that because the trial court granted the leave of absence, he is authorized under the City's Retirement Code to purchase pension credits attributable to that leave of absence. However, there is nothing in the record or in Judge Avellino's order that supports Martorano's premise that he was on a three-year leave of absence from City employment. As such, Martorano's first argument is without merit.

Martorano next argues that the Board had an affirmative fiduciary duty to correct its error under Section 22–1204 of the Philadelphia Code and grant him benefits upon receipt of Judge Avellino's order. This second issue was not raised below and, thus, it is waived. *See* Pa. R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Finally, Martorano asserts that "[h]ad the settlor of the pension fund, the City, not acted unlawfully, [Martorano] would not have suffered his loss of employment, and he would not have experienced what now amounts to a forfeiture of his right to participate in the pension system for all time he is connected to his City employment." Martorano's Brief at 17. This argument appears to be a collateral attack on Judge Avellino's order denying back pay and benefits from December 1, 1991, forward. As such, we need not address this argument because that order is not before this Court and, moreover, review of that order was foreclosed by Martorano's settlement agreement not to appeal or request reconsideration of that order.