IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dawan S. Muhammad, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 702 M.D. 2019 |
| | : | SUBMITTED: April 16, 2021 |
| Christopher M. Thomas-Director, | : | |
| Classification, Movement, and | : | |
| Registration, Philadelphia | : | |
| Department of Prisons; | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Corrections; Jamey | : | |
| Luther-Superintendent at SCI- | : | |
| Smithfield; Katie C. Davis- | : | |
| Assistant District Attorney, PCRA | : | |
| Unit; Debra L. Bernstein- | : | |
| Records Specialist, DOC Central | : | |
| Office; Shelly L. Fox- Records | : | |
| Specialist, DOC Central Office, | : | |
| Respondents | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                        FILED: July 29, 2021

Petitioner Dawan S. Muhammad, an inmate currently incarcerated within our Commonwealth's state prison system, has filed a petition for writ of mandamus (Mandamus Petition) in our original jurisdiction against Respondents Christopher M. Thomas-Director, Classification, Movement, and Registration, Philadelphia Department of Prisons (Thomas); Commonwealth of Pennsylvania, Department of Corrections; Jamey Luther-Superintendent at SCI-Smithfield (Luther); Katie C. Davis-Assistant District Attorney, PCRA Unit; Debra L. Bernstein-Records

Specialist (Bernstein), DOC Central Office; and Shelly L. Fox-Records Specialist, DOC Central Office (Fox). Through this action, Muhammad seeks a judicial order compelling the Department of Corrections to recalculate his carceral sentence, in order to reflect what he alleges is the full amount of credit for time served that he was awarded by the Court of Common Pleas of Philadelphia County (Sentencing Court). In response, the Department of Corrections, Bernstein, Fox, and Luther (collectively, DOC Respondents) have filed preliminary objections in the nature of a demurrer to Muhammad's Mandamus Petition, through which they request its dismissal due to Muhammad's failure to state a legally viable mandamus claim. In addition, Muhammad has filed an application for summary relief, arguing that his right to relief is clear and that he is entitled to judgment in his favor against DOC Respondents. After thorough review, we sustain DOC Respondents' preliminary objections, deny Muhammad's application for summary relief, and dismiss Muhammad's Mandamus Petition as to the DOC Respondents.

## I. Background

The relevant facts, as alleged by Muhammad through his Mandamus Petition, are as follows. On February 26, 2013, Muhammad was arrested and charged with a litany of crimes, including attempted murder, terroristic threats, aggravated and simple assault, reckless endangerment, and violating several provisions of the Pennsylvania Uniform Firearms Act of 1995.[1] Mandamus Pet., ¶1. These charges were eventually split into two separate cases, which were given the ID numbers CP-51-CR-0003486-2013 (#3486) and CP-51-CR-0006991-2013 (#6991). *Id.*, ¶¶2-4, Ex. C at 1. On May 24, 2016, Muhammad pled guilty in both cases before the Sentencing Court and, as a result, received concurrent aggregate sentences of 7 to

---

[1] 18 Pa. C.S. §§ 6101-6128.

14 years in state prison, as well as 3 years of probation. *Id.*, ¶5, Ex. C at 14-25. According to Muhammad, the Sentencing Court also ordered that he receive credit toward these sentences in the amount of 1,045 days, covering the time period between February 24, 2013, and January 5, 2016. *Id.*, ¶¶7, 9, 12-13.

After being incarcerated, Muhammad received a sentence status summary sheet from the Department of Corrections, which, to Muhammad's surprise, did not indicate that any credit had been awarded for that time period. *Id.*, ¶8. In response, Muhammad filed a motion for time credit and a Post Conviction Relief Act[2] petition with the Sentencing Court in June 2017. *Id.*, ¶¶14-15. On February 13, 2019, the Sentencing Court issued what it labelled an "Order of Sentence (Order Granting Motion to Correct Credit Time)." *Id.*, ¶ 17, Ex. B. This order, which was docketed under #3486, reads as follows:

> **Count 1** - 18 [Pa. C.S.] § 6106 §§A1 - Firearms Not To Be Carried W/O License (F3)
>
> > To be confined for a minimum period of 2 Year(s) and a maximum period of 4 Year(s) at SCI Graterford.
> >
> > The following conditions are imposed:
> >
> > > Credit Time Served - Resentence/Amended State Sent - Credit Time Served: Previously CREDIT FOR TIME SERVED as Ordered on ORIGINAL SENTENCE IMPOSED on (05/24/2016), SPECIFICALLY Credit For Time Served From: **(02/24/2013-03/16/2013; 06/18/2015-11/09/2015); and (07/05/2016-02/13/2019)**
> > >
> > > Mandatory Court Costs - Court Costs: Mandatory Court Costs Reimposed.
> > >
> > > Sentencing - Concurrent confinement: **This Sentence in its ENTIRETY to run

[2] 42 Pa. C.S. §§ 9541-9546.

3

CONCURRENTLY WITH Sentence Imposed as to CP[-]51[-]CR[-]0006991-2013**

This sentence shall commence on 02/13/2019.

To be placed on Probation - State (PBPP) Regular Probation - for a maximum period of 3 Year(s) to be supervised by STATE-Adult Parole/Probation Department-(Philadelphia County).

**Count 2** - 18 [Pa. C.S.] § 6108 - Carry Firearms Public In Phila (M1)

To be confined for a minimum period of 2 Year(s) 6 Month(s) and a maximum period of 5 Year(s) at SCI Graterford.

The following conditions are imposed:

Credit for time served: Credit to be calculated by the Phila. Prison System

This sentence shall commence on 02/13/2019.

**Count 3** -18 [Pa. C.S.] § 907[(a)]- Poss Instrument Of Crime W/Int (M1)

To be confined for a minimum period of 2 Year(s) 6 Month(s) and a maximum period of 5 Year(s) at SCI Graterford.

This sentence shall commence on 02/13/2019.

**Count 4** -18 [Pa. C.S.] § 2702[(a)]- Aggravated Assault (F1)

To be placed on Probation - State (PBPP) Regular Probation - for a maximum period of 3 Year(s) to be supervised by the STATE-Adult Parole/Probation Department-(Philadelphia County).

**Count 5** -18 [Pa. C.S.] § 6105[(a)-(a.1)] - Possession Of Firearm Prohibited (F2)

To be placed on Probation - State (PBPP) Regular Probation - for a maximum period of 3 Year(s) to be supervised by the STATE-Adult Parole/Probation Department-(Philadelphia County).

This sentence shall commence on 02/13/2019.

*Id.*, Ex. B at 1 (emphasis in original).[3] The Department of Corrections subsequently recalculated Muhammad's sentence for #3486 to reflect this order, by giving him credit for time served between February 24, 2013, and March 16, 2013; June 18, 2015, and November 9, 2015; and July 5, 2016, and February 13, 2019. *Id.*, Ex. D at 2.

On December 27, 2019, Muhammad filed his Mandamus Petition with our Court. Therein, Muhammad avers that the Sentencing Court had actually given him credit for time served for the entire period between February 25, 2013, and January 5, 2016, and points to the transcript of his May 24, 2016 sentencing hearing to support this allegation. *Id.*, ¶¶7, 9, 12-13, 17-18, 20; *see id.*, Ex. C at 23-25. Accordingly, Muhammad requests that we order Thomas "and/or" the Department of Corrections to recalculate his sentence for #3486 to reflect 1,045 days of time credit, covering February 25, 2013, through January 5, 2016, and to consequently establish the minimum and maximum dates on that sentence as, respectively, March 22, 2020, and March 22, 2027. *Id.*, Relief Sought.

DOC Respondents responded to the Mandamus Petition by filing preliminary objections, which both they and Muhammad have fully briefed. In addition, Muhammad has filed an application for summary relief, arguing that his right to mandamus relief is clear and that he is thus entitled to judgment in his favor against DOC Respondents.

## II. Discussion

DOC Respondents demur to the Mandamus Petition, on the basis that Muhammad has failed to establish that he has a clear right to the relief he seeks.

---

[3] It is entirely unclear why it took the Sentencing Court roughly 20 months to rule upon Muhammad's motion for time credit.

5

> Initially, we note that in ruling on a preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review as well as all inferences reasonably deduced therefrom. . . . The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. . . . In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, any doubt should be resolved by a refusal to sustain them.

*Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994) (internal citations omitted). When faced with a demurrer, a petitioner is "under no burden to prove their cause of action. [Instead, the court is tasked with deciding] whether the facts in the petition are sufficient to entitle them to relief." *Marinari v. Dep't of Env't Res.*, 566 A.2d 385, 388 (Pa. Cmwlth. 1989).

With regard to Muhammad's cause of action, "[m]andamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other appropriate and adequate remedy." *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001). "Thus, [in this context,] a writ of mandamus can be used to compel the Department of Corrections to compute *properly* a prisoner's prison sentence." *Doxsey v. Com.*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996) (emphasis in original).

Upon review, we agree with DOC Respondents that Muhammad has failed to establish a clear right to mandamus relief. Per the terms of the Order of Sentence (Order Granting Motion to Correct Credit Time), the Sentencing Court only awarded Muhammad credit for time served between February 24, 2013, and March 16, 2013; June 18, 2015, and November 9, 2015; and July 5, 2016, and February 13, 2019. Mandamus Pet., Ex. B at 1. Consequently, we conclude that, despite what

Muhammad claims in his Mandamus Petition, he does not have a clear right to time credit towards his carceral sentences for the entire period between February 25, 2013, and January 5, 2016.

### III. Conclusion

In light of the foregoing analysis, we sustain DOC Respondents' demurrer and dismiss the Mandamus Petition as to those respondents only.[4] Furthermore, we deny Muhammad's application for summary relief.

_____
ELLEN CEISLER, Judge

---

[4] None of the remaining respondents have thus far filed any substantive responses to the Mandamus Petition nor, for that matter, have any attorneys entered their appearances on behalf of those respondents.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawan S. Muhammad,
               Petitioner

     v.

Christopher M. Thomas-Director,
Classification, Movement, and
Registration, Philadelphia
Department of Prisons;
Commonwealth of Pennsylvania,
Department of Corrections; Jamey
Luther-Superintendent at SCI-
Smithfield; Katie C. Davis-
Assistant District Attorney, PCRA
Unit; Debra L. Bernstein-
Records Specialist, DOC Central
Office; Shelly L. Fox- Records
Specialist, DOC Central Office,
               Respondents

: 
: 
: 
: 
:   No. 702 M.D. 2019
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
: 

# **O R D E R**

AND NOW, this 29th day of July, 2021, upon consideration of Respondents Commonwealth of Pennsylvania, Department of Corrections; Jamey Luther-Superintendent at SCI-Smithfield; Debra L. Bernstein-Records Specialist, DOC Central Office; and Shelly L. Fox-Records Specialist, DOC Central Office's (collectively, DOC Respondents) preliminary objections, the response thereto, and Petitioner Dawan S. Muhammad's application for summary relief, it is hereby ORDERED:

1. DOC Respondents' preliminary objections are SUSTAINED;

2. Muhammad's application for summary relief is DENIED;

3. Muhammad's petition for writ of mandamus is DISMISSED as to DOC Respondents.

_____

ELLEN CEISLER, Judge